NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEITH O'CONNOR and ANDREW HOVER, | : | Civil Action No. 12-111 (SRC) |
|  | : |  |
| Plaintiffs, | : | **OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| FIRST ALLIANCE HOME MORTGAGE, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**CHESLER**, District Judge

This matter comes before the Court upon the motion of Defendant American Financial Resources ("AFR") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket entry 7]. Defendant First Alliance Home Mortgage ("First Alliance") has also filed a motion to dismiss the Complaint and joins in the arguments raised by AFR [docket entry 8]. In their cursory opposition to the motions to dismiss, Plaintiffs express their desire to voluntarily dismiss all of their federal claims without prejudice and request that the Court remand this action to the Superior Court of New Jersey, Hudson County. Among other points raised by Defendant AFR in its reply brief, Defendant argues that the federal claims should be dismissed with prejudice. They also argue that remand is inappropriate because Plaintiffs have not filed a formal motion for remand of the action. For the following reasons, the Court dismisses the federal claims with prejudice and remands this action to state court.

## I.    BACKGROUND

This action arises out of the loan transaction to refinance the residential property located at 353 Ege Street, Jersey City, New Jersey.  According to the Complaint, Plaintiffs Keith O'Connor and Andrew Hover were the homeowners at all relevant times.  They allege that they sought to refinance the property for the purpose of removing the name of one of the homeowners from the title and to consolidate debt.  The refinance transaction closed on June 22, 2009. Defendants are identified as follows: First Alliance was the originator of the refinancing loan, AFR holds the note, and Sean Grasty was the loan officer who brokered the transaction.

Seven of the 24 counts asserted in the Complaint plead for relief under federal law.  The federal claims asserted in the Complaint are as follows: violation of the Truth In Lending Act ("TILA") (Counts 1 and 23); violation of the Real Estate Settlement Procedures Act ("RESPA") (Counts 2, 19 and 24); violation of the Fair Debt Collection Practices Act ("FDCPA") (Count 3); and a claim under the Treasury Regulations regarding the Home Affordable Modification Program ("HAMP") (Count 20).  The remainder of the 24 counts assert state law claims.  This action was removed to federal court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

## II.    DISCUSSION

The Court has reviewed the sufficiency of the federal claims under the standard set by Federal Rule of Civil Procedure 12(b)(6) and by the Supreme Court in Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal.  Those cases hold that the pleading standard imposed by Federal Rule of Civil Procedure 8(a) will be met if the complaint "pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544,
556 (2007).  A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient
factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"
Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  The Court agrees that the federal
claims should be dismissed with prejudice, as they fail to state a plausible claim and there is no
indication that any of the claims could be amended to cure the deficiencies.  See Grayson v.
Mayview State Hosp., 293 F.3d 103, 110 (3d Cir.2002).

       The TILA claims are time-barred.  TILA has a one year statute of limitations.  15 U.S.C.
§ 1640(e).  The cause of action accrues with the occurrence of the TILA violation, which courts
have construed as the date of the loan closing.  Gehman v. Argent Mortg. Co. LLC, 726 F. Supp.
2d 533, 540 (E.D. Pa. 2010); see also 12 C.F.R. § 226.2(a)(13) (TILA regulation defining loan
consummation as "the time that a consumer becomes contractually obligated on a credit
transaction.").  According to the Complaint, the Note that gives rise to the alleged TILA
violations is dated June 22, 2009.  Accordingly, the limitations period on the TILA claim began
to run on that day and expired on June 22, 2010.  The instant action was not filed, however, until
October 4, 2011, well over a year after the time permitted by TILA to bring a cause of action.
The TILA claims are thus untimely, and this defect cannot be cured by amended pleading.
Dismissal with prejudice is appropriate.

       As for their RESPA claims, Plaintiffs claim that Defendants violated two different
sections of the statute, section 4 and section 6.  The Court will address each in turn.

       Plaintiffs allege that Defendants failed to provide them with an accurate initial Good

Faith Estimate ("GFE") and failed to provide an updated accurate GFE prior to closing, in violation of RESPA § 4, 12 U.S.C. § 2603, a provision of RESPA which mandates that certain disclosures be made to borrowers in mortgage loan transactions. RESPA, however, creates a private right of action only for violations of certain provisions of that statute, specifically sections 6, 8 and 9. See 12 U.S.C. § 2614 (authorizing civil actions pursuant to 12 U.S.C. §§ 2605, 2607 & 2608). It does not include a section 4 violation among those that may be remedied by civil action. Id. Moreover, following a careful analysis of the statute, the United States District Court for the Northern District of California rejected a plaintiff's argument that RESPA contains an implied private right of action for section 4 violations. Bloom v. Martin, 865 F. Supp. 1377, 1384-85 (N.D. Cal. 1994), aff'd, 77 F.3d 318 (9th Cir. 1996). The Bloom court held as follows: "The structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for disclosure violations under 12 U.S.C. § 2603. This intent is evident from Congress' decision to provide private remedies for violations of several sections of RESPA but not for Section 4." Id. at 1384 As RESPA provides no private right of action for section 4 violations, Plaintiffs' purported RESPA § 4 claim must be dismissed with prejudice.

As for their RESPA § 6 claim, Plaintiffs allege that Defendants failed to respond to a "qualified written request." This allegation would appear to relate to the provision's requirement that loan servicers respond to borrower inquiries. 12 U.S.C. § 2605(e). In relevant part, RESPA § 6(e) states that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period." 12

U.S.C. § 2605(e)(1)(A).  As Defendants argue, however, the Complaint fails to allege any facts that might demonstrate that the letter on which Plaintiffs base their claim constitutes a "qualified written request" as that term is defined in the statute.  12 U.S.C. § 2605(e)(1)(B)(ii).   The Complaint does not allege that the letter requested information relating to the servicing of the loan.  Moreover, Plaintiffs fail to identify to which Defendant the communication was sent and fail to allege that such Defendant was engaged in the servicing of the subject loan, as defined by RESPA. 12 U.S.C. § 2605(i)(3). The RESPA claim, in short, is pled in the conclusory manner Iqbal and Twombly have made clear will not pass muster under Rule 8(a).  In opposition to this motion, Plaintiffs do not address any of the many deficiencies in the RESPA § 6 claim raised by Defendants in their motions to dismiss.  The Complaint itself contains no indication that the claim could be cured by amendment, and Plaintiffs give no explanation at all as to how the claim might be salvaged.  Accordingly, dismissal with prejudice is appropriate.

Plaintiffs' FDCPA claim fails because, according to the allegations of the Complaint, Defendants are not "debt collectors" within the meaning of the statute. The FDCPA is remedial legislation, designed to protect consumers from "abusive, deceptive, and unfair debt collection practices."  15 U.S.C. § 1692(a).  Accordingly, it creates a private cause of action against debt collectors who fail to comply with its provisions.  15 U.S.C. § 1692k.  The statute defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another."  15 U.S.C. § 1692(a)(6).  The Complaint does not allege a single fact demonstrating that Defendants engage in a business whose principal purpose is the collection of debts owed to

another or that they undertook any such debt collection activity, that is the collection of debts owed to another, with regard to the subject refinance loan. See Pollice v. Nat'l Tax Funding, 225 F.3d 279, 402 (3d Cir. 2000). Indeed, the allegations are to the contrary. Defendant First Alliance is alleged to have been merely the originator of the loan. Defendant AFR is alleged to be the creditor. The Third Circuit has held that the FDCPA does not generally apply to creditors. Pollice, 225 F.3d at 402 ("creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act . . . . [B]ecause creditors are generally assumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their activities are not subject to the Act unless they collect under a name other than their own.") (internal quotations and citations omitted). In light of the Complaint's factual allegations contradicting any assertion that Defendants are debt collectors within the meaning of the FDCPA, the Court finds that the FDCPA claim should be dismissed with prejudice.

Finally, Plaintiffs purport to assert a claim under HAMP on the basis that Defendants did not inform Plaintiffs of their right to participate in HAMP and did not review Plaintiffs for eligibility for loan modification under HAMP. As courts across the country have held, HAMP does not create a private right of action for borrowers. See, e.g., Keosseian v. Bank of America, No. 11-3478 (JAP), 2012 WL 458470, at *2 (D.N.J. Feb. 10, 2012) (collecting cases). The claim for allegedly improper denial of loan modification under HAMP must therefore be dismissed with prejudice.

6

Having concluded that all federal causes of action in this case must be dismissed, the Court declines to exercise supplemental jurisdiction over the claims grounded in state law.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . [once] the district court has dismissed all claims over which it has original jurisdiction"); City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172 (1997) (stating that supplemental jurisdiction statute codifies principle "that pendent jurisdiction 'is a doctrine of discretion, not of plaintiff's right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons") (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  The Third Circuit has explained that "once all federal claims have been dropped from a case, the case simply does not belong in federal court."  New Rock Asset Partners, L.P. v. Preferred Entity Advancements, 101 F.3d 1492, 1504 (3d Cir. 1996) (quoting Lovell Mfg. v. Export-Import Bank, 843 F.2d 725, 734 (3d Cir. 1988)). This case does not present any circumstances which would make the exercise of the Court's discretion to retain supplemental jurisdiction appropriate. See United Mine Workers, 383 U.S. at 726-27.  Upon consideration of concerns of judicial economy, convenience, fairness, and comity, Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988), the Court finds that because only state law claims will remain in the case, this case properly belongs in state court.  Thus, the case will be remanded to state court for adjudication of the state law issues.

**III.    CONCLUSION**

For the foregoing reasons, this Court grants Defendants' motions to dismiss in part, dismisses all federal claims with prejudice, and remands the remainder of the case to the Superior Court of New Jersey, Law Division, Hudson County.  An appropriate form of order will be filed together with this Opinion.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: March 6, 2012